**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| SPIN MASTER LTD., a Canadian corporation, and SPIN MASTER TOYS UK LIMITED, a United Kingdom corporation,<br><br>Plaintiffs,<br><br>v.<br><br>THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",<br><br>Defendants. | Case No. 24-cv-03532<br><br>**Judge Lindsay C. Jenkins**<br><br>**Magistrate Judge Heather K. McShain** |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR ENTRY OF A PRELIMINARY INJUNCTION AS TO CERTAIN DEFENDANTS**

Spin Master Ltd. and Spin Master Toys UK Limited ("Plaintiffs" or "Spin Master") submit this Memorandum of Law in support of their Motion for Entry of a Preliminary Injunction as to Defendant Nos. 56-104.

# MEMORANDUM OF LAW

## I. INTRODUCTION

Plaintiffs Spin Master Ltd. and Spin Master Toys UK Limited ("Plaintiffs" or "Spin Master") bring the present action against the defendants identified on Schedule A to the Complaint (collectively, the "Defendants") for federal trademark infringement and counterfeiting (Count I), and false designation of origin (Count II). As alleged in Plaintiffs' Complaint [1], the Defendants are promoting, advertising, distributing, offering for sale, and selling unauthorized and unlicensed products using infringing and counterfeit versions of the RUBIK'S Trademarks (the "Counterfeit Products") through various fully interactive e-commerce stores[1] operating under the seller aliases identified in Schedule A to the Complaint (collectively, the "Seller Aliases").

## II. STATEMENT OF FACTS

On May 4, 2024, this Court granted Plaintiffs' *Ex Parte* Motion for Entry of a Temporary Restraining Order ("the TRO"). [23]. The TRO authorized Plaintiffs to provide notice of these proceedings including notice of the preliminary injunction hearing, service of process pursuant to Fed. R. Civ. P. 4(f)(3), and any future motions, by electronically publishing a link to the Complaint, this Order, and other relevant documents on a website and by sending an e-mail with a link to said website to the e-mail addresses identified in Exhibit 2 to the Declaration of Susanne Teixeira and any e-mail addresses provided for Defendants by third parties. [23] at ¶ 7. Since and pursuant to entry of the TRO, financial accounts associated with Defendant Nos. 56-104 have been frozen. *See* Declaration of Justin T. Joseph (hereinafter, "Joseph Declaration") at ¶ 2.

Plaintiffs respectfully request that this Court convert the TRO to a preliminary injunction against Defendant Nos. 56-104, so that they remain enjoined from the manufacture, importation,

---

[1] The e-commerce urls are listed on Schedule A to the Complaint under the Online Marketplaces.

distribution, offering for sale, and sale of Counterfeit Products during the pendency of this litigation. As part of the Preliminary Injunction, Plaintiffs request that Defendants' financial accounts remain frozen until completion of these proceedings.

## III. ARGUMENT

### A. A Preliminary Injunction Extending Relief Already Granted in the TRO Is Appropriate

Plaintiffs respectfully request that this Court convert the TRO to a preliminary injunction to prevent further unlawful conduct by Defendants. Courts addressing similar allegations of Internet-based counterfeiting have also issued preliminary injunctions following a temporary restraining order. *See, e.g., Deckers Outdoor Corp. v. The P'ships,* No. 15-cv-3249 (N.D. Ill. May 6, 2015) (unpublished).

      i.    This Court Has Already Found that the Requirements for a Preliminary Injunction Have Been Satisfied

Since the standard for granting a TRO and the standard for granting a preliminary injunction are identical in this Circuit, the requirements for entry of a preliminary injunction extending the TRO have been satisfied. *See, e.g., Charter Nat'l Bank & Trust v. Charter One Fin., Inc.,* No. 1:01-cv-00905, 2001 WL 527404, at *1 (N.D. Ill. May 15, 2001) (citations omitted). A temporary restraining order or preliminary injunction may be issued upon a showing that: "(1) there is a reasonable likelihood that Plaintiffs will succeed on the merits; (2) Plaintiffs will suffer irreparable injury if the order is not granted because there is no adequate remedy at law; (3) the balance of hardships tips in Plaintiffs' favor; and (4) the public interest will not be disserved by the injunction." *Columbia Pictures Indus., Inc. v. Jasso*, 927 F. Supp. 1075, 1076 (N.D. Ill. 1996). By virtue of this Court's entry of the TRO, it has already found that the above requirements have been satisfied.

### ii. The Equitable Relief Sought Remains Appropriate

The Lanham Act authorizes courts to issue injunctive relief "according to principles of equity and upon such terms as the court may deem reasonable, to prevent the violation of any right of the registrant of a mark …." 15 U.S.C. § 1116(a).

To prevent the Defendants from further manufacture, importation, distribution, offering for sale, and sale of Counterfeit Products and to provide notice to Defendants regarding these proceedings, Plaintiffs respectfully request that the injunctive relief already awarded be extended through the pendency of this case.

Plaintiffs also request conversion of the TRO to a preliminary injunction so that Defendants' accounts remain frozen. Since entry of the TRO, Amazon and eBay have provided Plaintiffs with information, including the identification of financial accounts linked to the Seller Aliases which were offering for sale and/or selling Counterfeit Products. In the absence of a preliminary injunction, Defendants may attempt to transfer financial assets to offshore accounts. Therefore, Defendants' assets should remain frozen for the remainder of the proceedings.

The amount of damages to which Plaintiffs are entitled as set forth in the Complaint far exceeds any amount contained in any of the Defendants' frozen financial accounts. For example, Plaintiffs' prayer for relief requests statutory damages of $2 million from each Defendant. [1]. In addition, and as established in Plaintiffs' TRO Memorandum [15], many federal courts, including the Northern District of Illinois, have granted orders preventing the fraudulent transfer of assets. *See, e.g., Lorillard Tobacco Co. v. Montrose Wholesale Candies & Sundries, Inc.,* No. 1:03-cv-04844, 2005 WL 3115892 (N.D. Ill. Nov. 8, 2005). As such, an order continuing to freeze the Defendants' assets should be granted.

### B. There is Good Cause to Extend the Temporary Restraining Order Until There is a Ruling on this Motion

In the event that the Court does not rule on this Motion before the current TRO expiration date (May 20, 2024), Plaintiffs also seek to extend the TRO to maintain the status quo until there is a ruling on Plaintiffs' Motion for Entry of a Preliminary Injunction as to Certain Defendants. Rule 65 dictates that under ordinary circumstances, a temporary restraining order cannot exceed 14 days, although the court may extend it "for a like period" for good cause. Fed. R. Civ. P. 65(b)(2). However, in *H-D Mich., LLC v. Hellenic Duty Free Shops S.A.*, the Seventh Circuit affirmed that allowing a TRO to remain in effect until a decision on a motion for preliminary injunction was proper. 694 F.3d 827, 843-45 (7th Cir. 2012). In affirming the TRO extension, the Seventh Circuit explicitly recognized that there will be cases where the maximum 28-day limit does not give the parties sufficient time to prepare for a preliminary injunction hearing. *Id*. If the extension exceeds the maximum duration for a TRO under Rule 65(b), the extension "becomes in effect a preliminary injunction that is appealable, but the order remains effective." *Id*. at 844. *See also, Christian Dior Couture, S.A. v. The Partnerships, et al.,* No. 21-cv-04861 (N.D. Ill. Nov. 19, 2021) (Docket Entry 32) (further extending TRO to and including the date on which the Court would adjudicate the motion for preliminary injunction, exceeding the maximum duration for a TRO under Rule 65(b)); *Luxottica Group S.p.A., et al. v. rbzxr.com, et al*., No. 20-cv-02297 (N.D. Ill. May 12, 2020) (Docket Entry 52) (same).

Defendants have notice of this case and this pending Motion, and have presented no evidence of hardship that would occur by keeping the TRO in place. In addition, Plaintiffs respectfully submit that there is good cause to extend the TRO, since there is a high probability that the Defendants will continue to harm Plaintiffs without the TRO in place, especially since Defendants have notice of this case. Specifically, Defendants will likely attempt to move any assets

from their financial accounts to off-shore bank accounts without the TRO in place while this Motion is pending.

## IV. CONCLUSION

In view of the foregoing, Plaintiffs respectfully request that this Court enter the preliminary injunction as to Defendant Nos. 56-104.


Dated this 14th day of May 2024.        Respectfully submitted,

/s/ Justin T. Joseph
Amy C. Ziegler
Justin R. Gaudio
Justin T. Joseph
Trevor C. Talhami
Greer, Burns & Crain, Ltd.
300 South Wacker Drive, Suite 2500
Chicago, Illinois 60606
312.360.0080
312.360.9315 (facsimile)
aziegler@gbc.law
jgaudio@gbc.law
jjoseph@gbc.law
ttalhami@gbc.law

*Counsel for Plaintiffs*
*Spin Master Ltd. and Spin Master Toys UK Limited*