IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SPIN MASTER LTD., a Canadian corporation, and SPIN MASTER TOYS UK LIMITED, a United Kingdom corporation,<br><br>Plaintiffs,<br><br>v.<br><br>ANHUI XINGXUE MATERIAL TECHNOLOGY CO., LTD., et al.,<br><br>Defendants. | Case No. 24-cv-03532<br><br>**Judge Lindsay C. Jenkins**<br><br>**Magistrate Judge Heather K. McShain** |

### MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR ENTRY OF A PRELIMINARY INJUNCTION AS TO CERTAIN DEFENDANTS

Spin Master Ltd., and Spin Master Toys UK Limited ("Plaintiffs" or "Spin Master") submit this Memorandum of Law in support of their Motion for Entry of a Preliminary Injunction as to Defendant Nos. 1-55.

**MEMORANDUM OF LAW**

**I.     INTRODUCTION**

Plaintiffs Spin Master Ltd. and Spin Master Toys UK Limited ("Plaintiffs" or "Spin Master") bring the present action against the defendants identified on Schedule A to the Complaint (collectively, the "Defendants") for federal trademark infringement and counterfeiting (Count I), and false designation of origin (Count II).  As alleged in Plaintiffs' Complaint [1], the Defendants are promoting, advertising, distributing, offering for sale, and selling unauthorized and unlicensed products using infringing and counterfeit versions of the RUBIK'S Trademarks (the "Counterfeit Products") through various fully interactive e-commerce stores[1] operating under the seller aliases identified in Schedule A to the Complaint (collectively, the "Seller Aliases").

**II.    STATEMENT OF FACTS**

On May 4, 2024, this Court granted Plaintiffs' *Ex Parte* Motion for Entry of a Temporary Restraining Order ("the TRO"). [23]. The TRO authorized Plaintiffs to provide notice of these proceedings including notice of the preliminary injunction hearing, service of process pursuant to Fed. R. Civ. P. 4(f)(3), and any future motions, by electronically publishing a link to the Complaint, this Order, and other relevant documents on a website and by sending an e-mail with a link to said website to the e-mail addresses identified in Exhibit 2 to the Declaration of Susanne Teixeira and any e-mail addresses provided for Defendants by third parties. [23] at ¶ 7.  On May 23, 2024, a Preliminary Injunction was entered as to Defendant Nos. 1-55. [40].  On May 23, 2024, Alibaba Group Holding Ltd. ("Alibaba"), pursuant to the TRO, provided Plaintiffs with the email addresses associated with Defendant Nos. 1-55. *See* Declaration of Justin T. Joseph (hereinafter, "Joseph Declaration") at ¶ 2.

---

[1] The e-commerce urls are listed on Schedule A to the Complaint under the Online Marketplaces.

Plaintiffs respectfully request that a preliminary injunction be entered against Defendant Nos. 1-55, so that they are enjoined from the manufacture, importation, distribution, offering for sale, and sale of Counterfeit Products during the pendency of this litigation. As part of the Preliminary Injunction, Plaintiffs request that Defendants' financial accounts be frozen until completion of these proceedings.

### III. ARGUMENT

#### A. A Preliminary Injunction Extending Relief Already Granted in the TRO Is Appropriate

Plaintiffs respectfully request that this Court enter a preliminary injunction to prevent further unlawful conduct by Defendants. Courts addressing similar allegations of Internet-based counterfeiting have also issued preliminary injunctions following a temporary restraining order. *See, e.g., Deckers Outdoor Corp. v. The P'ships,* No. 15-cv-3249 (N.D. Ill. May 6, 2015) (unpublished).

##### i. This Court Has Already Found that the Requirements for a Preliminary Injunction Have Been Satisfied

Since the standard for granting a TRO and the standard for granting a preliminary injunction are identical in this Circuit, the requirements for entry of a preliminary injunction extending the TRO have been satisfied. *See, e.g., Charter Nat'l Bank & Trust v. Charter One Fin., Inc.,* No. 1:01-cv-00905, 2001 WL 527404, at *1 (N.D. Ill. May 15, 2001) (citations omitted). A temporary restraining order or preliminary injunction may be issued upon a showing that: "(1) there is a reasonable likelihood that Plaintiffs will succeed on the merits; (2) Plaintiffs will suffer irreparable injury if the order is not granted because there is no adequate remedy at law; (3) the balance of hardships tips in Plaintiffs' favor; and (4) the public interest will not be disserved by the injunction." *Columbia Pictures Indus., Inc. v. Jasso*, 927 F. Supp. 1075, 1076 (N.D. Ill. 1996).

By virtue of this Court's entry of the TRO, it has already found that the above requirements have been satisfied.

        ii.        <u>The Equitable Relief Sought Remains Appropriate</u>

The Lanham Act authorizes courts to issue injunctive relief "according to principles of equity and upon such terms as the court may deem reasonable, to prevent the violation of any right of the registrant of a mark …." 15 U.S.C. § 1116(a).

To prevent the Defendants from further manufacture, importation, distribution, offering for sale, and sale of Counterfeit Products and to provide notice to Defendants regarding these proceedings, Plaintiffs respectfully request that the injunctive relief already awarded be extended through the pendency of this case.

Moreover, since entry of the TRO, Alibaba has provided Plaintiffs with information, including the identification of financial accounts linked to Defendant Nos. 1-55 which were offering for sale and/or selling Counterfeit Products. In the absence of a preliminary injunction, Defendants may attempt to transfer financial assets to offshore accounts. In addition, and as established in Plaintiffs' TRO Memorandum [15], many federal courts, including the Northern District of Illinois, have granted orders preventing the fraudulent transfer of assets. *See, e.g., Lorillard Tobacco Co. v. Montrose Wholesale Candies & Sundries, Inc.*, No. 1:03-cv-04844, 2005 WL 3115892 (N.D. Ill. Nov. 8, 2005). Therefore, Defendants' assets should be frozen for the remainder of the proceedings.

## IV. CONCLUSION

In view of the foregoing, Plaintiffs respectfully request that this Court enter the preliminary injunction as to Defendant Nos. 1-55.

Dated this 28th day of May 2024.　　　　Respectfully submitted,

/s/ Justin T. Joseph
Amy C. Ziegler
Justin R. Gaudio
Justin T. Joseph
Trevor C. Talhami
Greer, Burns & Crain, Ltd.
300 South Wacker Drive, Suite 2500
Chicago, Illinois 60606
312.360.0080
312.360.9315 (facsimile)
aziegler@gbc.law
jgaudio@gbc.law
jjoseph@gbc.law
ttalhami@gbc.law

*Counsel for Plaintiffs Spin Master Ltd. and Spin Master Toys UK Limited*