IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SPIN MASTER LTD., a Canadian corporation, and SPIN MASTER TOYS UK LIMITED, a United Kingdom corporation,<br><br>Plaintiffs,<br><br>v.<br><br>ANHUI XINGXUE MATERIAL TECHNOLOGY CO., LTD. et al.,<br><br>Defendants. | Case No. 24-cv-03532<br><br>**Judge Lindsay C. Jenkins**<br><br>**Magistrate Judge Heather K. McShain** |

**PLAINTIFFS SPIN MASTER LTD.'S AND SPIN MASTER TOYS UK LIMITED'S ANSWER TO DEFENDANTS' COUNTERCLAIMS**

Plaintiffs Spin Master Ltd. and Spin Master Toys UK Limited (collectively, "Spin Master" or "Plaintiffs") responds as follows to the counterclaims [67] asserted by Defendants Cao County Mingrui Handicraft Factory (Def. No. 4), Changzhou Mermei Industry Co., Ltd. (Def. No. 5), Chengdu Andrey Trade Co., Ltd (Def. No. 8), Dongguan Huan Lin Magnetic Industry Co., Ltd. (Def. No. 14), Guangzhou Huaya Biotechnology Co., Ltd. (Def. No. 20), Sichuan Lantu Culture Technology Co., Ltd (Def. No. 43), Top Ace Development Limited (Def No. 45), and Wenzhou Lvyuan Arts and Crafts Co., Ltd. (Def. No. 46) (collectively, "Defendants").

**COUNTER CLAIM I FOR CANCELLATION**

1. 1-7 Defendant stores repeat and reallege the allegations in its First Affirmative Defense.

**ANSWER**: In order to fully respond to Defendants' allegations, Spin Master incorporates herein Paragraphs 1-7 of Defendants' First Affirmative Defense and responds in kind. *See* [67] at pp. 26-27:

1. The trademarks cited by Plaintiffs, including but not limited to "Rubik's" and "Rubik's Cube" have become generic terms in the minds of the public. These terms are now commonly understood to refer to the type of puzzle products that consist of a cube with colored patches on each face, rather than indicating a specific source or brand.

**ANSWER:** Denied.

2. The public perceives "Rubik's" and "Rubik's Cube" as the generic names for three-dimensional combination puzzles. As such, these terms no longer serve (if they ever did serve) the primary function of a trademark, which is to identify and distinguish the source of the goods.

**ANSWER:** Denied.

3. The terms "Rubik's" and "Rubik's Cube" are widely used in a generic sense by consumers, the media, and in commerce to describe a category of puzzle products, without any reference to a specific manufacturer or origin. This widespread use has contributed to the generic nature of the terms.

**ANSWER:** Denied.

4. No matter the extent to which Plaintiffs attempt to police and enforce the trademarks, there is no other name for a Rubik's Cube.

**ANSWER:** Denied.

5. Under 15 U.S.C. § 1064(3), a trademark that has become the generic name for the goods or services for which it is registered is subject to cancellation. Defendant Stores assert that the trademarks in question should be deemed generic and invalidated accordingly.

**ANSWER:** Spin Master admits that 15 U.S.C. § 1064(3) provides grounds for a petition to cancel a registration of a mark. Spin Master denies the remainder of the allegations set forth in Paragraph 5.

6. As a result of the generic nature of the trademarks, Defendant Stores' use of the terms "Rubik's" and "Rubik's Cube" in connection with their products does not constitute trademark infringement or counterfeiting. Defendant Stores are merely using generic terms to describe the type of puzzle products they offer or to describe the appearance of their products, which is permissible under trademark law.

**ANSWER:** Denied.

7. The generic nature of the marks undermines all counts of the Complaint with respect to those marks.

**ANSWER:** Denied.

6. Pursuant to 15 U.S.C. § 1119, federal courts may cancel registration of a trademark when warranted or order the USPTO to do so.[1]

**ANSWER:** Admitted that 15 U.S.C. § 1119 states that "[i]n any action involving a registered mark the court may determine the right to registration, order the cancelation of registrations, in whole or in part, restore canceled registrations, and otherwise rectify the register with respect to the registrations of any party to the action. Decrees and orders shall be certified by the court to the Director, who shall make appropriate entry upon the records of the Patent and Trademark Office, and shall be controlled thereby."

7. RUBIK'S, Reg. No. 7,033,371, is not "incontestable", contrary to the allegations in the complaint.

---

[1] The numbering for Counterclaim I is not consecutive. *See* [67] at p. 30. For purposes of clarity, Plaintiff uses the same numbering as Defendants.

**ANSWER:** Admitted that Reg. No. 7,033,371 is not incontestable, but Reg. Nos. 1,242,974 and 1,265,094 are incontestable.

8. While RUBIK'S CUBE, USPTO reg. No. 1,242,974, is "incontestable", that status does not leave it immune from cancellation where the mark has become generic.

**ANSWER:** Admitted that Reg. No. 1,242,974 is incontestable and admitted that an incontestable trademark can still be challenged if the mark is generic. Denied that the mark has become generic.

9. Plaintiff's complaint refers to other unspecified marks which it accuses Defendant Stores of infringing. To the extent that those marks are related to the name "Rubik's Cube", those marks should likewise be cancelled.

**ANSWER:** Denied.

10. The Rubik's Cube was invented by Erno Rubik in the mid 1970s, and was first patented in 1980 in Hungary, and later in the United States in 1983, Patent No. 4,378,116. The patent expired in 2000.

**ANSWER:** Spin Master denies the allegation that .U.S. Patent No. 4,378,116 expired in 2000; it expired in 2001. Spin Master admits that Erno Rubik filed an application to patent a logical skill toy in Hungary in 1980, and is listed as inventor on U.S. Patent No. 4,378,116 which was filed in 1981.

11. The Rubik's Cube is an ingeniously designed 3x3x3 puzzle. Since the expiration of the Patent almost 25 years ago, anyone has the right to manufacture and sell the invention.

**ANSWER:** Spin Master admits that a Rubik's Cube product can take the form of a 3x3x3 puzzle. Spin Master denies the remainder of the allegations set forth in Paragraph 11.

12. The now 50 year old invention is internationally known to generations of puzzle enthusiasts. But the invention is not known to the purchasing public by any other name than "Rubik's Cube".

**ANSWER:** Spin Master admits that Rubik's Cube products and the Rubik's brand are internationally known to generations of puzzle enthusiasts. Spin Master denies the remainder of the allegations set forth in Paragraph 12.

13. "Rubik's Cube" does not contain any source identifying significance, it is simply the one and only name for the Erno Rubik's invention which is now in the public domain.

**ANSWER:** Denied.

14. Plaintiff is not entitled to monopolize the common name of the product, Rubik's Cube.

**ANSWER:** Denied.

15. Pursuant to 15 USCS § 1064, Plaintiff's Rubik Cube marks, including RUBIK'S CUBE, USPTO reg. No. 1,242,974, and RUBIK'S, Reg. No. 7,033,371, and those incorporated by reference in the complaint should be cancelled as generic.

**ANSWER:** Denied.

### COUNTER CLAIM II FOR CANCELLATION

1. 1-6 Defendant Stores incorporate by reference their allegations in and those incorporated by reference in the complaint should be cancelled as generic.

**ANSWER**: In order to fully respond to Defendants' allegations, Spin Master understands this to be referring to Defendants' Second Affirmative Defense, incorporates herein Paragraphs 1-6 of Defendants' Second Affirmative Defense and responds in kind. *See* [67] at pp. 27-28:

    1. The design mark with registration No. 1,265,094 with the following design:



is functional and not entitled to trademark protection.

**ANSWER:** Denied.

2. The picture is simply a drawing of a Rubik's Cube, a product which may be freely manufactured and sold by anyone.

**ANSWER:** Denied.

3. A Rubik's Cube is a puzzle consisting of a cube with six faces, each initially covered by nine stickers of one of six solid colors, exactly as depicted in the mark.

**ANSWER:** Spin Master admits to the extent that the '094 Registration "consists of a black cube having nine color patches on each of its six faces with color patches on each face being the same and consisting of the colors red, white, blue, green, yellow, and orange." *See* [1-1] at p. 3. Spin Master denies the remainder of the allegations set forth in Paragraph 3.

4. Plaintiff's registration No. 1,265,094 consist solely of a picture of the functional aspects of a Rubik's Cube.

**ANSWER:** Denied.

5. In order to make a Rubik's Cube, a manufacturer must by necessity develop a three dimensional product consisting of a cube consisting of six faces of smaller cubes in a 3x3 array, in the exact size and shape depicted in the 1,265,094 registration.

**ANSWER:** Denied.

6. That mark, and any like it incorporated by reference into the complaint, is therefore functional, rendering invalid all counts of the complaint to the extent Defendant Stores are accused of infringing them.

**ANSWER:** Denied.

7. Pursuant to 15 U.S.C. § 1119, federal courts may cancel registration of a trademark when warranted or order the USPTO to do so.

**ANSWER:** Admitted that 15 U.S.C. § 1119 states that "[i]n any action involving a registered mark the court may determine the right to registration, order the cancelation of registrations, in whole or in part, restore canceled registrations, and otherwise rectify the register with respect to the registrations of any party to the action. Decrees and orders shall be certified by the court to the Director, who shall make appropriate entry upon the records of the Patent and Trademark Office, and shall be controlled thereby."

8. Although "incontestable", registration No. 1,265,094 is not immune from cancellation.

**ANSWER:** Admitted that Reg. No. 1,265,094 is incontestable and admitted that an incontestable trademark can still be challenged on certain grounds.

9. Pursuant to 15 USCS § 1064 (3) a registered mark may be cancelled at any time if it is functional.

**ANSWER:** Admitted that Reg. No. 1,265,094 is incontestable and admitted that an incontestable trademark can still be challenged if the mark is functional. Denied that the mark is functional.

10. A product feature, such as the cube array design on a Rubik's Cube, is functional and cannot serve as a trademark if the feature is essential to the use or purpose of the article, as it is in this case.

**ANSWER:** Denied.

11. Pursuant to 15 USCS § 1064 (3), registration No. 1,265,094, and any similar registered trademark incorporated by reference in the complaint should be cancelled as functional.

**ANSWER:** Denied.

## PRAYER FOR RELIEF

Spin Master denies that Defendants are entitled to any of the relief requested, and instead relief should be awarded as requested by Spin Master in the Complaint [1].

## AFFIRMATIVE DEFENSES

Spin Master asserts the following affirmative defenses. By doing so, Spin Master does not concede or admit that it bears the burden of proof on any matter or element related to the defenses asserted. Furthermore, Spin Master reserves the right to assert such additional defenses as may be warranted as this action progresses.

## FIRST DEFENSE
### (Failure to State a Claim)

Defendants fail to state a claim upon which relief may be granted. Specifically, Defendants fail to state any factual basis to support the contentions that the '974 and '371 Registrations are generic, and that the '094 Registration is functional.

## SECOND DEFENSE
### (Unclean Hands)

Defendants are barred from relief by the equitable defense of unclean hands stemming from Defendants' acts of trademark infringement and counterfeiting, and stemming from their knowing acts to confuse, mislead, and deceive U.S. consumers.

### Demand for Jury Trial

Spin Master hereby demands a jury trial on all issues triable as of right to a jury.

Dated this 23rd day of July 2024

Respectfully submitted,

/s/ Justin R. Gaudio
Amy C. Ziegler
Justin R. Gaudio
Justin T. Joseph
Trevor C. Talhami
Greer, Burns & Crain, Ltd.
300 South Wacker Drive, Suite 2500
Chicago, Illinois 60606
312.360.0080 / 312.360.9315 (facsimile)
aziegler@gbc.law
jgaudio@gbc.law
jjoseph@gbc.law
ttalhami@gbc.law

*Counsel for Plaintiffs*
*Spin Master Ltd. and Spin Master Toys UK Limited*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 23rd day of July 2024, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system. The CM/ECF system will send a "Notice of E-Filing" to the attorneys of record in this case.

/s/ Justin R. Gaudio
Amy C. Ziegler
Justin R. Gaudio
Justin T. Joseph
Trevor C. Talhami
Greer, Burns & Crain, Ltd.
300 South Wacker Drive, Suite 2500
Chicago, Illinois 60606
312.360.0080 / 312.360.9315 (facsimile)
aziegler@gbc.law
jgaudio@gbc.law
jjoseph@gbc.law
ttalhami@gbc.law

*Counsel for Plaintiffs*
*Spin Master Ltd. and Spin Master Toys UK Limited*