IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SPIN MASTER LTD., a Canadian corporation, and SPIN MASTER TOYS UK LIMITED, a United Kingdom corporation,<br><br>Plaintiffs,<br><br>v.<br><br>ANHUI XINGXUE MATERIAL TECHNOLOGY CO., LTD. et al.,<br><br>Defendants. | Case No. 24-cv-03532<br><br>**Judge Lindsay C. Jenkins**<br><br>**Magistrate Judge Heather K. McShain** |

**PLAINTIFFS' OPPOSED MOTION TO COMPEL AND TO STAY DEFENDANTS' MOTION TO DISSOLVE THE PRELIMINARY INJUNCTION**

Plaintiffs Spin Master Ltd. and Spin Master Toys UK Limited (together, "Plaintiffs"), by their counsel, move this Honorable Court, pursuant to Rule 37 of the Federal Rules of Civil Procedure, to compel Defendant Nos. 4, 5, 8, 14, 20, 43, 45 and 46 ("Defendants") to respond fully to Plaintiffs' First Set of Discovery Requests and to serve Rule 26(a)(1) disclosures (the "Motion").[1]

Defendants want to have their cake and eat it too by filing a Motion to Dissolve the Preliminary Injunction [75] without providing any information about their business or sales. Defendants must be required to follow the Court's order and respond in full to discovery before any such ruling. Defendants have also failed to provide their Rule 26(a)(1) disclosures ordered by the Court to be submitted by July 30, 2024. [71]. Despite Plaintiffs' best efforts to meet-and-confer with Defendants, Defendants have refused to provide the requested information.

---

[1] Defendants have requested two weeks to respond to Plaintiffs' Motion to Compel and Motion to Stay. As stated in the concurrently filed Motion to Stay, Plaintiffs object to this timeline.

## BACKGROUND AND LOCAL RULE 37.2 CERTIFICATION

Defendants operate interactive e-commerce stores named "Cao County Mingrui Handicraft Factory" (Def. No. 4), "Changzhou Mermei Industry Co., Ltd." (Def. No. 5), "Chengdu Andrey Trade Co., Ltd" (Def. No. 8), "Dongguan Huan Lin Magnetic Industry Co., Ltd." (Def. No. 14), "Guangzhou Huaya Biotechnology Co., Ltd." (Def. No. 20), "Sichuan Lantu Culture Technology Co., Ltd" (Def. No. 43), "Top Ace Development Limited" (Def No. 45), and "Wenzhou Lvyuan Arts and Crafts Co., Ltd." (Def. No. 46) (collectively, "Defendants' Internet Stores"). *See* Declaration of Rachel S. Miller ("Miller Decl.") at ¶ 2. Defendants' Internet Stores advertised, offer for sale, and sold unauthorized products using infringing and counterfeit versions of Plaintiffs' federally registered trademarks (the "Counterfeit Products"). *Id*. Defendants targeted United States consumers by setting up and operating Defendants' Internet Stores, U.S.-facing Internet stores in English; setting up logistics for shipping Counterfeit Products that infringe Plaintiffs' federally registered trademarks (the "RUBIK'S Trademarks"), including explicitly shipping to the United States, including Illinois; advertising and offering for sale the Counterfeit Products to the United States, including Illinois; arranging to accept payment in U.S. dollars and/or funds from U.S. bank accounts; and standing ready, willing, and able to ship the Counterfeit Products to Illinois. [1] at ¶¶ 2, 22, 30-31; [16] at ¶¶ 18-19; Miller Decl. at ¶ 2.

On May 4, 2024, the Court entered a Temporary Restraining Order (the "TRO") against all Defendants, including Defendants [23], which was converted to Preliminary Injunction as to Defendant Nos. 1 – 55 (the "PI") on June 4, 2024.[2] [48]. Paragraph 6 of the TRO and the PI permitted Plaintiffs to issue expedited written discovery to Defendants, with Defendants' responses due within three (3) business days of being served via e-mail. [23] at ¶ 6; [48] at ¶ 6. On

---

[2] A separate Preliminary Injunction as to Defendant Nos. 56 – 104 was entered at [40].

May 28, 2024, Plaintiffs served[3] their First Set of Requests to Admit ("RFAs"),[4] First Set of Interrogatories ("Interrogatories")[5] and First Set of Requests for Production ("RFPs")[6] (collectively, "Plaintiffs' First Set of Discovery Requests") on Defendants via e-mail. *See* Miller Decl. at ¶ 3. Defendants failed to serve any response to Plaintiffs' First Set of Discovery Requests by the May 31, 2024, deadline. *Id*. at ¶ 7. Defendants have also failed to file a Notification of Affiliates. *Id*.

Defendants' counsel Appeared in this case on June 17 and June 18, 2024. [52]; [53]. Defendants subsequently filed their Answer, Affirmative Defenses and Counterclaims on July 2, 2024. [67]. On June 18, 2024, Plaintiffs' counsel provided Defendants the information regarding Defendants' infringement. Miller Decl. at ¶ 9. Pursuant to the Court's Order [68], the Parties held a 26(f) Conference on July 11, 2024, and subsequently submitted a Proposed Joint Fact Discovery Schedule [70], which the Court adopted. [71]; Miller Decl. at ¶ 10-11. As incorporated in the Scheduling Order and as agreed by the Parties, Rule 26(a)(1) disclosures were due by July 30, 2024. *Id*. Defendants failed to serve any Rule 26(a)(1) disclosures by the July 30, 2024, deadline. *Id*. at ¶ 12.

On August 20, 2024, Defendants filed a Motion to Dissolve the Preliminary Injunction. [75]. Subsequently, the Court set a briefing schedule on Defendants' Motion [75], with Plaintiffs' response due by September 10, 2024, and Defendants reply due September 17, 2024. [78]

---

[3] Pursuant to Paragraph 6 of the TRO, on May 28, 2024, Plaintiffs served Plaintiffs' Discovery Requests on Defendants by electronically publishing a link to the documents on a website and by sending an e-mail with a link to said website to the e-mail addresses provided for Defendants. Miller Decl. at ¶ 4.
[4] Miller Decl. at ¶ 5.
[5] Miller Decl. at ¶ 6.
[6] Miller Decl. at ¶ 7.

**Local Rule 37.2 Meet and Confer Certification**

On August 12, 2024, Plaintiffs sent an e-mail to Defendants advising that the deadline to respond to Plaintiffs' First Set of Discovery Requests had elapsed and requesting availability for a Local Rule 37.2 meet-and-confer conference, which was held on August 15, 2024. Miller Decl. at ¶¶ 12-13. Twenty-five minutes before the conference, Defendants sent an email with thirteen (130 attachments purporting to be a partial document production. During the conference, Plaintiffs requested that Defendants provide responses to Plaintiffs' First Set of Discovery Requests and provide Defendants Rule 26(a)(1) disclosures by August 19, 2024. *Id.* Defendants failed to provide responses to Plaintiffs' First Set of Discovery Requests and provide Defendants Rule 26(a)(1) disclosures by August 19, 2024. Plaintiffs certify that the movant has in good faith attempted to confer with the party failing to act in an effort to obtain the answer or response without court action.

**ARGUMENT**

I. **LEGAL STANDARD**

A party may seek an order to compel discovery when an opposing party fails to respond to discovery requests or provides evasive or incomplete responses. Fed. R. Civ. P. 37(a). Discovery under the Federal Rules of Civil Procedure "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351 (1978). This standard envisions and requires open, far-reaching discovery. *See United States v. Farley,* 11 F.3d 1385, 1390 (7th Cir. 1993) ("The Federal Rules of Civil Procedure contemplate broad discovery"). "[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." *See* Fed. R. Civ. P. 37(a)(4).

Fed. R. Civ. P. 37 permits a party to file a motion to compel to remedy shortcomings in another party's Rule 26(a)(1) initial disclosures. Fed. R. Civ. P. 37(a)(3)(A). Federal Rule of Civil Procedure 26(a)(1) requires parties, "without awaiting a discovery request," to provide initial disclosures "based on the information then reasonably available to [them]." The sanction of exclusion is "automatic and mandatory" unless the party can show that its violation was substantially justified or harmless. *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003). District courts have broad discretion to determine whether a violation of Rule 26(a) or (e) is substantially justified, harmless, or warrants sanctions. *Dynegy Mktg. & Trade v. Multiut Corp.*, 648 F.3d 506, 514 (7th Cir. 2011) (citing *Caterpillar*, 324 F.3d at 857). Although the court "need not make explicit findings concerning the existence of a substantial justification or the harmlessness of a failure to disclose," the following factors guide the court's determination: "(1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date." *Caterpillar*, 324 F.3d at 857 (citations omitted).

II. **DEFENDANTS SHOULD BE REQUIRED TO PROVIDE RESPONSES TO PLAINTIFFS' FIRST SET OF DISCOVERY REQUESTS AND RULE 26(a)(1) INITIAL DISCLOSURES.**

As of the date of filing, Defendants have provided neither written responses to Plaintiffs' First Set of Discovery Requests nor Rule 26(a)(1) initial disclosures. Miller Decl. at ¶¶ 12-13. Defendants have refused to comply with the rules governing discovery, including improperly withholding discovery. *Id*.

### A. Defendants' Partial Production Must Be Treated as a Failure to Respond

Overall, Defendants' partial document production of thirteen (13) documents, no written responses, and no Rule 26(a)(1) initial disclosures should be treated as a complete failure to respond. *See* Fed. R. Civ. P. 37(a)(4) ("[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond."); *see also Johnson v. Kakvand*, 192 F.3d 656, 660 (7th Cir. 1999) (affirming sanctions for discovery abuses based in part on party's discovery responses objecting to nearly every interrogatory and production request and responding "investigation continues" to the remainder.). The party must produce the requested records—or "state with specificity the grounds for objecting to the request, including the reasons." Fed. R. Civ. P. 34(b)(2)(B); *Kinon Surface Design v. Hyatt Int'l Corp.*, No. 19 C 7736, 2021 U.S. Dist. LEXIS 149893, at *8 (N.D. Ill. Aug. 10, 2021). Defendants have not provided any written responses to Plaintiffs' First Set of Discovery Requests and have not provided Rule 26(a)(1) initial disclosures. Miller Decl. at ¶¶ 12-13. Defendants only provided thirteen (13) documents with no context. *Id*. Defendants' responses must be treated as a failure to respond. *See* Fed. R. Civ. P. 37(a)(4).

    **a. Defendants' Identities and Business Operations Are Necessary and Relevant to this Case**

Defendants operate multiple stores, which are currently advertising, offering to sell, and selling Counterfeit Products using Plaintiffs' valuable RUBIK'S Trademarks. Miller Decl. at ¶ 2. Discovery is necessary to determine Defendants' identity(ies). Discovery is also necessary to determine the full scope of Defendants' business operations and sales.

Defendants have failed to provide responses to Interrogatory Nos. 1-14 and RFP Nos. 1, 3-8, and 10, which require information relating to Defendants' identity, financial accounts, business registrations, domain names, online marketplace accounts, invoices and purchase records, policies and procedures, and sale of products. *See* Miller Decl. at ¶ 6. For example, Defendants failed to

provide any addresses and any financial accounts, including linked accounts used to transfer funds from Defendants' Internet Stores. *Id*. Likewise, Defendants have not produced a single document concerning registration documents for Defendants' Internet Stores, Defendants' financial accounts, and email addresses associated with Defendants' Internet Stores or with Defendants' financial accounts. *Id*. Defendants have failed to produce any other documents relevant to registration or any documents pertaining to financial accounts used by Defendants to collect and process payments. *Id*. Such information is directly relevant to Plaintiffs' claims and Plaintiffs are entitled to such information. *See Banister v. Firestone,* 2018 U.S. Dist. LEXIS 151180, at *28-29 (N.D. Ill. Sept. 5, 2018) (granting motion to compel discovery concerning financial accounts because the "information about the accounts is directly relevant…Plaintiff is seeking to obtain lost profits as part of this lawsuit, and he is entitled to information about these accounts.").

Defendants have likewise failed to provide any production at all to identify domain names or online marketplace accounts used by Defendants, or anyone identified regarding the owner(s) and/or operator(s) of Defendants' Internet Stores. Miller Decl. at ¶¶ 5-7. Defendants have also failed to file a Notification of Affiliates. *Id*. at ¶ 8.

### b. Information and Documentation Relating to Defendants' Product Listings, Sales, and Marketing Practices Is Necessary and Relevant to this Case

Defendants have not provided any production relevant to the sale of products supplied or offered for sale on Defendants' Internet Stores. Miller Decl. at ¶¶ 5-7; 12-13. Plaintiffs' RFP Nos. 2-4 required production of this sales information, including, but not limited to, records for the sale price of the specific products or goods sold, the title that the products or goods were listed under, images of the specific products or goods, method of payment, the date of the sale, invoices, consumer names, shipping addresses, and communications with consumers. *Id*. at ¶¶ 6-7. No documents have been produced, including correspondence and documents related to the

advertisements, marketing, offers for sale and sale of any of the accused products or any other product. *Id*. Information regarding all products supplied or offered for sale in essential so that Plaintiffs can determine how many Counterfeit Products were sold by Defendants without needing to rely upon Defendants' accounting.

In cases of trademark infringement, a plaintiff is entitled to an award of profits as a remedy. *See,* 15 U.S.C. § 1117. Therefore, information regarding costs and profits relating to the sale of the Counterfeit Products at issue is relevant in assessing damages. *See Maui Jim, Inc. v. Smartbuy Guru Enters*., 2018 U.S. Dist. LEXIS 24684, at *3 (N.D. Ill. Feb. 14, 2018) ("[the revenue and sales] information plaintiff is seeking is relevant to the analysis of what damages or disgorgement of profits or benefits plaintiff can recover from Defendant if it succeeds in proving they are liable for [] trademark infringement"). Likewise, information regarding Defendants' total revenue is relevant to a statutory damages award under 15 U.S.C. § 1117(c).

**III. PLAINTIFFS REQUEST A RULE 37(a)(5)(A) AWARD OF ATTORNEYS' FEES AND COSTS**

Rule 37 provides that if a motion to compel is granted "the court *must*, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A) (emphasis added). This rule "presumptively requires every loser to make good the victor's costs." *Rickels v. City of S. Bend, Ind*., 33 F.3d 785, 786 (7th Cir. 1994); *see also Gevas v. Wexford Health Sources*, No. 20 C 50146, 2021 U.S. Dist. LEXIS 233691, at *31 (N.D. Ill. Dec. 7, 2021) (granting Defendant's request for reimbursement of their costs in bringing their motion to compel pursuant to Fed. R. Civ. P. 37(a)(5)(A)).

8

Plaintiffs have attempted in good faith to obtain disclosure without Court intervention, and Defendants only provided incomplete responses after Defendants were forced to participate in the discovery process. As such, in the event this Motion is granted, Plaintiffs respectfully request that the Court award attorneys' fees and costs as provided for under Fed. R. Civ. P. 37(a)(5)(A) to deter Defendants from continuing to frustrate the discovery process. Plaintiffs would submit a further affidavit detailing their attorneys' fees and costs.

## CONCLUSION

Plaintiffs respectfully request that this Court grant Plaintiffs' Motion to Compel, order Defendants to produce complete written responses and documents previously requested by Plaintiffs, order Defendants to produce complete Rule 26(a)(1) initial disclosures, and that Defendants be required to pay all attorneys' fees and costs incurred by Plaintiffs in bringing this Motion to Compel.

Dated this 23rd day of August 2024.　　　Respectfully submitted,

/s/ Rachel S. Miller
Amy C. Ziegler
Justin R. Gaudio
Justin T. Joseph
Rachel S. Miller
Trevor C. Talhami
Greer, Burns & Crain, Ltd.
300 South Wacker Drive, Suite 2500
Chicago, Illinois 60606
312.360.0080 / 312.360.9315 (facsimile)
aziegler@gbc.law
jgaudio@gbc.law
jjoseph@gbc.law
rmiller@gbc.law
ttalhami@gbc.law

*Counsel for Plaintiffs*
*Spin Master Ltd. and Spin Master Toys UK Limited*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 23rd day of August 2024, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, which will send a "Notice of E-Filing" to all parties that have appeared in the case.

/s/ Rachel S. Miller
Amy C. Ziegler
Justin R. Gaudio
Justin T. Joseph
Rachel S. Miller
Trevor C. Talhami
Greer, Burns & Crain, Ltd.
300 South Wacker Drive, Suite 2500
Chicago, Illinois 60606
312.360.0080 / 312.360.9315 (facsimile)
aziegler@gbc.law
jgaudio@gbc.law
jjoseph@gbc.law
rmiller@gbc.law
ttalhami@gbc.law

*Counsel for Plaintiffs*
*Spin Master Ltd. and Spin Master Toys UK Limited*
