IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SPIN MASTER LTD., a Canadian corporation, and SPIN MASTER TOYS UK LIMITED, a United Kingdom corporation,<br><br>Plaintiffs,<br><br>v.<br><br>ANHUI XINGXUE MATERIAL TECHNOLOGY CO., LTD. et al.,<br><br>Defendants. | Case No. 24-cv-03532<br><br>**Judge Lindsay C. Jenkins**<br><br>**Magistrate Judge Heather K. McShain** |

**DECLARATION OF RACHEL S. MILLER**

I, Rachel S. Miller, of the City of Chicago, in the State of Illinois, declare as follows:

1. I am an attorney at law, duly admitted to practice before the Courts of the State of Illinois and the United States District Court for the Northern District of Illinois. I am one of the attorneys for Plaintiffs Spin Master Ltd. and Spin Master Toys UK Limited (together, "Plaintiffs"). Except as otherwise expressly stated to the contrary, I have personal knowledge of the following facts and, if called as a witness, I could and would competently testify as follows:

2. Defendants operate interactive e-commerce stores named "Cao County Mingrui Handicraft Factory" (Def. No. 4), "Changzhou Mermei Industry Co., Ltd." (Def. No. 5), "Chengdu Andrey Trade Co., Ltd" (Def. No. 8), "Dongguan Huan Lin Magnetic Industry Co., Ltd." (Def. No. 14), "Guangzhou Huaya Biotechnology Co., Ltd." (Def. No. 20), "Sichuan Lantu Culture Technology Co., Ltd" (Def. No. 43), "Top Ace Development Limited" (Def No. 45), and "Wenzhou Lvyuan Arts and Crafts Co., Ltd." (Def. No. 46)

on the Alibaba.com platform. Defendants' Internet Stores advertised, offer for sale, and sold unauthorized products using infringing and counterfeit versions of Plaintiffs' federally registered trademarks.

3. Pursuant to the Temporary Restraining Order [23] Plaintiffs were notified on May 23, 2024, that Defendants' Alibaba accounts were restrained.

4. On May 28, 2024, Plaintiffs served Defendants with Plaintiffs' First Set of Requests to Admit, First Set of Interrogatories and First Set of Requests for Production (collectively, "Plaintiffs' First Set of Discovery Requests") on Defendants via e-mail. Attached hereto as **Exhibit 1** is a true and correct copy of the above identified May 28, 2024, correspondence sent by Plaintiffs.

5. A true and correct copied of Plaintiffs' Requests to Admit is attached hereto as **Exhibit 2**.

6. A true and correct copied of Plaintiffs' Interrogatories is attached hereto as **Exhibit 3**.

7. A true and correct copied of Plaintiffs' Requests for Production is attached hereto as **Exhibit 4**.

8. Defendants did not serve any response to Plaintiffs' First Set of Discovery Requests by the May 31, 2024, deadline. Defendants have also failed to file a Notification of Affiliates.

9. On June 18, 2024, counsel for Plaintiffs provided Defendants the information regarding Defendants' infringement. Attached hereto as **Exhibit 5** is a true and correct copy of the above-identified June 18, 2024, correspondence.

10. On July 9, 2024, counsel for Plaintiffs emailed counsel for Defendants requesting availability for a Rule 26(f) conference, which was subsequently held on July 11, 2024.

Attached hereto as **Exhibit 6** is a true and correct copy of the above-identified July 8, 2024, correspondence.

11. On July 15, 2024 counsel for Plaintiffs provided counsel for Defendants a proposed fact discovery schedule based on the July 11, 2024 call. On July 16, 2024 counsel for Defendants responded with edits and the statement that "I am going to be in Argentina for the first half of August. I have therefore added two weeks to the proposed dates. Ok?." The same day, counsel for Plaintiffs confirmed that the suggested changes were acceptable. The version with counsel for Defendants' approved dates was filed on July 17, 2024. *See* [70]. Attached hereto as **Exhibit 7** is a true and correct copy of the above-identified July 15-16, 2024, correspondence. Attached hereto as **Exhibit 8** is a true and correct copy of the redlined draft proposed discovery schedule provided by email by counsel for Defendants on July 16, 2024, showing the dates as the same ones reflected in [70].

12. On August 12, 2024, I emailed counsel for Defendants and advised that the deadline to respond to Plaintiffs' Discovery Requests had elapsed and attached copies of Plaintiffs' Discovery Requests to the email. Attached hereto as **Exhibit 9** is a true and correct copy of the above-identified August 12, 2024, correspondence.

13. On August 15, 2024, at 12 p.m. U.S. Central Standard Time, the parties concurrently held a first Local Rule 37.2 meet-and-confer conference. 25 minutes prior to the meeting counsel for Defendants served 13 documents on Plaintiffs. In the meeting, Plaintiffs requested that Defendants respond in full by August 19, 2024, and confirmed this deadline by email following the meeting. Attached hereto as **Exhibits 10** and **11** are a true and correct copy of the above-identified August 15, 2024, correspondence.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this the 23rd day of August 2024 at Chicago, Illinois.

<u>/s/ Rachel S. Miller</u>
Rachel S. Miller
*Counsel for Plaintiffs.*