# Exhibit 2

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SPIN MASTER LTD., a Canadian corporation, and SPIN MASTER TOYS UK LIMITED, a United Kingdom corporation,<br><br>Plaintiffs,<br><br>v.<br><br>ANHUI XINGXUE MATERIAL TECHNOLOGY CO., LTD., et al.,<br><br>Defendants. | Case No. 24-cv-03532<br><br>**Judge Lindsay C. Jenkins**<br><br>**Magistrate Judge Heather K. McShain** |

## PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSIONS TO <u>DEFENDANT</u>

Plaintiffs Spin Master Ltd. and Spin Master Toys UK Limited ("Plaintiffs" or "Spin Master"), pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure, by and through their counsel, hereby request that each of the Defendants identified in Schedule A to the Complaint ("Defendant") answer the following Requests for Admissions, separately and fully in writing under oath, on an expedited basis within three business days of receipt hereof.

1

**REQUESTS FOR ADMISSION**

Request for Admission 1.	Admit that You offered for sale Accused Products to Illinois.

Request for Admission 2.	Admit that You sold Accused Products to a buyer with an Illinois shipping address.

Request for Admission 3.	Admit that You accepted money for Accused Products from a buyer with an Illinois shipping address.

Request for Admission 4.	Admit that You shipped Accused Products to an Illinois address.

Request for Admission 5.	Admit that You offered for sale Accused Products to the United States.

Request for Admission 6.	Admit that You sold Accused Products to buyers in the United States.

Request for Admission 7.	Admit that You accepted money for Accused Products from a buyer in the United States.

Request for Admission 8.	Admit that You shipped Accused Products to the United States.

Request for Admission 9.	Admit that You chose to offer to sell and sell products to the United States when setting up Defendant's E-commerce Store.

Request for Admission 10.	Admit that You chose to offer to sell and sell products to Illinois when setting up Defendant's E-commerce Store.

Request for Admission 11.	Admit that You entered into a contract with an online marketplace, including accepting the terms that the online marketplace imposes on sellers.

Request for Admission 12.　Admit that Defendant's E-commerce Store affirmatively displayed Illinois as a state to which You would ship products.

Request for Admission 13.　Admit that Defendant's E-commerce Store did not exclude shipping to Illinois.

Request for Admission 14.　Admit that Defendant's E-commerce Store did not exclude shipping to the United States.

Request for Admission 15.　Admit that You received an email from Plaintiffs that contained a link to a website with the Complaint and TRO.

Request for Admission 16.　Admit that the linked website with the Complaint and TRO shows the response deadline for the Lawsuit.

Request for Admission 17.　Admit that You received an email from Plaintiffs that specified the deadline to respond to or answer the Complaint.

Request for Admission 18.　Admit that You reviewed all images called for in response to Request for Production No. 3 to determine whether each product was an Accused Product.

Request for Admission 19.　Admit that You did you did not perform a search to determine whether You advertised, offered for sale and/or sold Accused Products beyond the specific Accused Products identified by Plaintiffs.

## DEFINITIONS AND INSTRUCTIONS

1. In addition to the definitions and instructions set forth in Fed. R. Civ. P. 36, the following definitions and instructions apply to the Requests for Admissions set forth above and should be considered as part of each such request:

2. These requests are addressed to Defendant and (a) its present or former directors, officers, employees, agents, representatives, accountants, investigators, consultants, attorneys, and predecessors or successors in interest and any parent, subsidiary, or affiliated entities; (b) any other person acting on Defendant's behalf or on whose behalf Defendant acted; and (c) any other person otherwise controlled by Defendant, or which controls Defendant, or which is under common control with Defendant.

3. As used herein, "Plaintiffs" shall mean, unless otherwise indicated, the Plaintiffs identified in the above caption, any of Plaintiffs' officers, directors, employees, agents and representatives, and all persons acting on Plaintiffs' behalf.

4. As used herein, "Defendant" or "You" or "Your" or "Yourself" shall be deemed to include, the named owner(s) and/or operator(s) of your e-commerce store listed in Schedule A, and (a) its present or former directors, officers, employees, agents, representatives, accountants, investigators, consultants, contractors, attorneys, and predecessors or successors in interest and any parent, subsidiary, or affiliated entities; (b) any other person acting on Defendant's behalf, or on whose behalf Defendant acted; and (c) any other person otherwise controlled by Defendant, or which controls Defendant, or which is under common control with Defendant.

5. As used herein, "Defendant's E-commerce Stores" shall be deemed to include at least Your e-commerce store listed in Schedule A.

6. These requests for admission are continuing and require further answer and supplementation, as provided by Fed. R. Civ. P. 26(e).

7. "Lawsuit" or "Litigation" shall mean the above captioned lawsuit filed in the U.S. District Court for the Northern District of Illinois.

8. "Complaint" shall mean the Complaint filed by Plaintiffs in the Lawsuit, as well as any subsequently filed complaints by Plaintiffs.

9. As used herein, "Plaintiffs' Trademarks" shall collectively refer to Plaintiffs' registered trademarks, as well as the listing of trademark registrations in the Lawsuit Complaint.

10. As used herein, "Accused Products" shall mean any product advertised, marketed, promoted, manufactured, imported, distributed, offered for sale or sold by Defendant using, reproducing, copying, imitating, relating to, featuring, referencing, or bearing any of Plaintiffs' Trademarks, reproductions of Plaintiffs' Trademarks, colorable imitations of Plaintiffs' Trademarks, marks similar to Plaintiffs' Trademarks, or marks substantially indistinguishable from Plaintiffs' Trademarks as Plaintiffs' Trademarks is defined in the Lawsuit Complaint.

11. The singular form of a word should be interpreted in the plural, as well. Any pronoun shall be construed to refer to the masculine, feminine, or neuter gender as in each case is most appropriate. The words "and" and "or" shall be construed conjunctively or disjunctively, whichever makes the request most inclusive.

Dated this 28th day of May 2024.        Respectfully submitted,

/s/ Justin T. Joseph
Amy C. Ziegler
Justin R. Gaudio
Justin T. Joseph
Trevor C. Talhami
Greer, Burns & Crain, Ltd.
300 South Wacker Drive, Suite 2500
Chicago, Illinois 60606
312.360.0080
312.360.9315 (facsimile)
aziegler@gbc.law
jgaudio@gbc.law
jjoseph@gbc.law
ttalhami@gbc.law

*Counsel for Plaintiffs*
*Spin Master Ltd. and Spin Master Toys UK Limited*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 28th day of May 2024, I will electronically publish the document on a website and I will send an e-mail to the e-mail addresses identified in Exhibit A to the Summons that includes a link to said website.

/s/ Justin T. Joseph
Amy C. Ziegler
Justin R. Gaudio
Justin T. Joseph
Trevor C. Talhami
Greer, Burns & Crain, Ltd.
300 South Wacker Drive, Suite 2500
Chicago, Illinois 60606
312.360.0080
312.360.9315 (facsimile)
aziegler@gbc.law
jgaudio@gbc.law
jjoseph@gbc.law
ttalhami@gbc.law

*Counsel for Plaintiffs*
*Spin Master Ltd. and Spin Master Toys UK Limited*

7