# Exhibit 3

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SPIN MASTER LTD., a Canadian corporation, and SPIN MASTER TOYS UK LIMITED, a United Kingdom corporation,<br><br>Plaintiffs,<br><br>v.<br><br>ANHUI XINGXUE MATERIAL TECHNOLOGY CO., LTD., et al.,<br><br>Defendants. | Case No. 24-cv-03532<br><br>**Judge Lindsay C. Jenkins**<br><br>**Magistrate Judge Heather K. McShain** |

**PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANT**

Plaintiffs Spin Master Ltd. and Spin Master Toys UK Limited ("Plaintiffs" or "Spin Master") pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, by and through their counsel, hereby request that each of the Defendants identified in Schedule A to the Complaint ("Defendant") respond to the following interrogatories, fully, in writing and under oath on an expedited basis within three business days of receipt hereof, in accordance with the following definitions and instructions, and serve such responses on Plaintiffs' counsel at the office of Greer, Burns & Crain, Ltd., 300 South Wacker Drive, Suite 2500, Chicago, Illinois, 60606.

## INTERROGATORIES

<u>Interrogatory 1:</u>   Identify Yourself, including, but not limited to, identifying the owner(s) and/or operator(s) of:

a) Defendant's E-commerce Store;

b) Defendant's Social Media Accounts;

c) Defendant's Financial Accounts.

<u>Interrogatory 2:</u>   Identify each and every domain name or E-commerce Store Used by You, or anyone identified in Your response to Interrogatory No. 1 that advertised and/or offered for sale Accused Products to United States residents.

<u>Interrogatory 3:</u>   Identify all Accused Products advertised, offered for sale and/or sold by You to the United States since the beginning of this Lawsuit and five years prior, and for each Accused Product provide the: e-commerce store product URL, e-commerce store identification number (e.g. Amazon.com ASIN), product listing title, quantity offered for sale, colors offered for sale, sizes offered for sale, quantity sold, sale date, sale price, any cost deductions and profit.

<u>Interrogatory 4:</u>   Describe in detail Your search parameters and procedure for identifying Accused Products in response to Interrogatory No. 3.

<u>Interrogatory 5:</u>   Provide a listing of item titles for each product sold to the United States by You on Defendant's Internet Store in the year prior to the date of this Lawsuit.

<u>Interrogatory 6:</u>   Identify any Financial Accounts which receive payments or hold assets for You, or anyone identified in Your response to Interrogatory No. 1.

<u>Interrogatory 7:</u>   Identify and describe in detail all channels through which You market, advertise and promote products to consumers throughout the United States, including, but

not limited to, the names of websites, e-commerce platforms, and social media platforms in which You have advertised Your products.

Interrogatory 8:	Identify what percentage of Your gross revenue were for sales to United States consumers.

Interrogatory 9:	Identify which countries you were attempting to sell product to through Defendant's E-commerce Store.

Interrogatory 10:	Identify all persons, other than counsel, who participated, or were consulted, in responding to these Interrogatories.

## **DEFINITIONS AND INSTRUCTIONS**

In addition to the definitions and instructions set forth in Fed. R. Civ. P. 33, the following definitions and instructions apply to the interrogatories set forth herein and should be considered as part of each such interrogatory:

1. These interrogatories are addressed to Defendant and (a) its present or former directors, officers, employees, agents, representatives, accountants, investigators, consultants, attorneys, and predecessors or successors in interest and any parent, subsidiary, or affiliated entities; (b) any other person acting on Defendant's behalf or on whose behalf Defendant acted; and (c) any other person otherwise controlled by Defendant, or which controls Defendant, or which is under common control with Defendant.

2. If you find the meaning of any term in these interrogatories to be unclear, you should assume a reasonable meaning, state what that meaning is and respond to the interrogatory on the basis of that assumed meaning.

3. If you object to any subpart or portion of an interrogatory or object to identifying the documents, electronically stored information, or things requested, set forth fully the grounds upon which your objection is based and answer the unobjectionable subpart(s) of the interrogatory and/or supply the documents, electronically stored information, or things in lieu of identifying the same.

4. Where an objection is made to an interrogatory, state with specificity all grounds upon which the objection is based, along with a citation of any legal authority relied upon.

5. These interrogatories shall be deemed continuing so as to require further and supplemental responses in accordance with Fed. R. Civ. P. 26. Additionally, if at any time Defendant learn that an answer given to any interrogatory was incorrect when given or is no longer

correct, Defendant shall promptly provide a written statement, under penalty of perjury, consisting of the correct answer to any such interrogatory.

6. "Document" is defined broadly to be given the full scope of that term contemplated in Fed. R. Civ. P. 34, and includes all tangible things, all originals (or, if originals are not available, identical copies thereof), all non-identical copies of a document, all drafts of final documents, all other written, printed, or recorded matter of any kind, and all other data compilations from which information can be obtained and translated if necessary, that are or have been in your actual or constructive possession or control, regardless of the medium on which they are produced, reproduced, or stored (including without limitation computer programs and files containing requested information), and any recording or writing, as these terms are defined in Rule 1001, Federal Rules of Evidence. Any document bearing marks, including without limitation, initials, stamped initials, comments, or notations not a part of the original text or photographic reproduction thereof, is a separate document.

7. "Document" shall also include, without limitation, the following items, whether printed or reproduced by any process, or written or produced by hand or stored electronically in computer memory, magnetic or hard disk, or other storage medium, and whether or not claimed to be privileged, confidential, or otherwise excludable from discovery: any record of all or any portions of any discussion, communication, agreement, conversation, interview, meeting, conference, conclusion, fact, impression, occurrence, opinion, report, or other similar matter, and shall include, without limitation, letters, correspondence, communications, emails, telegrams, papers, cablegrams, mailgrams, notes, memoranda, summaries, abstracts, worksheets, books, manuals, publications, engineering reports and notebooks, schematics, engineering drawings, software source code listings, charts, plans, databases, diagrams, sketches or drawings,

5

photographs, reports and/or summaries of investigations and/or surveys, opinions and reports of committee meetings, desk calendars, appointment books, diaries, diary entries, voicemails, newspapers, magazine or periodical articles, and any other record of any kind.

    8.    The term "identify," when used in reference to:

        a. an individual shall mean to state his or her full name, present or last known residence address, present or last known business address, and position or business affiliation;

        b. a business entity shall mean to state its form, full name, address of its present or last principal place of business, and its principal line of business;

        c. a document shall mean to provide information sufficient to locate that document, including, but not limited to, the following: the production number range (Bates range), the date appearing on such document or, if no date appears thereon, the approximate date the document was prepared; the identifying code number, file number, title or label of such document; a general description of such document (e.g., letter, memorandum, drawing); the title or heading; the number of pages of which such document consists; the name of each person who signed, authored, or authorized the document; the name of each addressee; the name of each person having possession, custody, or control of such document; if the document existed at one time but does not presently exist, the reason(s) why it no longer exists and the identity of the last person having custody of it; and if the document is in a foreign language,

      whether an English translation of the document exists, whether partial or complete; and

   d. a communication shall mean to state its date, the communicator, the communicatee, the type of communication (i.e. conversation, telephone call, letter, note, etc.) and a brief description of its subject matter.

9.  "Person" shall mean individuals or entities of any type, including without limitation, individuals, governments (or any agencies thereof), quasi-public entities, corporations, partnerships, limited liability companies, groups, trusts, mutual or joint ventures, and other forms of organizations or associations.

10.  "Date" shall mean the exact date, month and year or, if not ascertainable, the best approximation thereof.

11.  The phrase "relating to", "related to", or "relate(s) to" means and includes concerning, reflecting, alluding to, mentioning, regarding, discussing, bearing upon, commenting on, constituting, pertaining to, demonstrating, describing, depicting, referring to, summarizing, containing, embodying, showing, comprising, evidencing, refuting, contradicting, and/or supporting.

12.  As used herein, "Plaintiffs" shall mean, unless otherwise indicated, the Plaintiffs identified in the above caption, any of Plaintiffs' officers, directors, employees, agents and representatives, and all persons acting on Plaintiffs' behalf.

13.  As used herein, "Defendant" or "You" or "Your" or "Yourself" shall be deemed to include, the named owner(s) and/or operator(s) of your e-commerce store listed in Schedule A, and (a) its present or former directors, officers, employees, agents, representatives, accountants, investigators, consultants, contractors, attorneys, and predecessors or successors in interest and

any parent, subsidiary, or affiliated entities; (b) any other person acting on Defendant's behalf, or on whose behalf Defendant acted; and (c) any other person otherwise controlled by Defendant, or which controls Defendant, or which is under common control with Defendant.

14. As used herein, "Defendant's E-commerce Store" shall be deemed to include at least Your e-commerce store listed in Schedule A.

15. As used herein, "Financial Accounts" shall be deemed to include any accounts relating to any banks, savings and loan associations, payment processors or other financial institutions, including, without limitation, PayPal, Inc., eBay, Inc., Alipay, Alibaba Group Holding Ltd., Ant Financial Services Group, Amazon Pay, Wish US Holdings LLC, Walmart, Inc., Etsy, Inc, DHgate.com, WhaleCo, Inc. or other merchant account providers, payment providers, third party payment processors, and credit card associations (e.g., MasterCard and Visa Inc.) which receive payments or hold assets for Defendant.

16. As used herein, "Social Media Accounts" shall be deemed to include any accounts Used by You relating to any social media platforms, companies, or sites, including, without limitation, Facebook, Instagram, TikTok, and Twitter.

17. As used herein, "Used" shall mean registered, owned, and/or operated.

18. "Lawsuit" or "Litigation" shall mean the above captioned lawsuit filed in the U.S. District Court for the Northern District of Illinois.

19. "Complaint" shall mean the Complaint filed by Plaintiffs in the Lawsuit, as well as any subsequently filed complaints by Plaintiffs.

20. As used herein, "Plaintiffs' Trademarks" shall collectively refer to Plaintiffs' registered trademarks, as well as the listing of trademark registrations in the Lawsuit Complaint.

21. As used herein, "Accused Products" shall mean any product advertised, marketed, promoted, manufactured, imported, distributed, offered for sale or sold by Defendant using, reproducing, copying, imitating, relating to, featuring, referencing, or bearing any of Plaintiffs' Trademarks, reproductions of Plaintiffs' Trademarks, colorable imitations of Plaintiffs' Trademarks, marks similar to Plaintiffs' Trademarks, or marks substantially indistinguishable from Plaintiffs' Trademarks as Plaintiffs' Trademarks is defined in the Lawsuit Complaint.

22. The singular form of a word should be interpreted in the plural as well. Any pronoun shall be construed to refer to the masculine, feminine, or neuter gender as in each case is most appropriate. The words "and" and "or" shall be construed conjunctively or disjunctively, whichever makes the request most inclusive.

Dated this 28th day of May 2024.	Respectfully submitted,

/s/ Justin T. Joseph
Amy C. Ziegler
Justin R. Gaudio
Justin T. Joseph
Trevor C. Talhami
Greer, Burns & Crain, Ltd.
300 South Wacker Drive, Suite 2500
Chicago, Illinois 60606
312.360.0080
312.360.9315 (facsimile)
aziegler@gbc.law
jgaudio@gbc.law
jjoseph@gbc.law
ttalhami@gbc.law

*Counsel for Plaintiffs*
*Spin Master Ltd. and Spin Master Toys UK Limited*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 28th day of May 2024, I will electronically publish the document on a website and I will send an e-mail to the e-mail addresses identified in Exhibit A to the Summons that includes a link to said website.

/s/ Justin T. Joseph
Amy C. Ziegler
Justin R. Gaudio
Justin T. Joseph
Trevor C. Talhami
Greer, Burns & Crain, Ltd.
300 South Wacker Drive, Suite 2500
Chicago, Illinois 60606
312.360.0080
312.360.9315 (facsimile)
aziegler@gbc.law
jgaudio@gbc.law
jjoseph@gbc.law
ttalhami@gbc.law

*Counsel for Plaintiffs*
*Spin Master Ltd. and Spin Master Toys UK Limited*
