Exhibit 4

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SPIN MASTER LTD., a Canadian corporation, and SPIN MASTER TOYS UK LIMITED, a United Kingdom corporation,<br><br>Plaintiffs,<br><br>v.<br><br>ANHUI XINGXUE MATERIAL TECHNOLOGY CO., LTD., et al.,<br><br>Defendants. | Case No. 24-cv-03532<br><br>**Judge Lindsay C. Jenkins**<br><br>**Magistrate Judge Heather K. McShain** |

### PLAINTIFFS' FIRST SET OF REQUESTS FOR THE
### PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANT

Plaintiffs Spin Master Ltd. and Spin Master Toys UK Limited ("Plaintiffs" or "Spin Master") pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, by and through their counsel, hereby requests that each of the Defendants identified in Schedule A to the Complaint ("Defendant") produce each of the documents identified and described below in electronic form on an expedited basis within three business days of receipt hereof.

1

**REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS**

Request No. 1.  Documents, electronically stored information, and things supporting Your answer to Interrogatory No. 1, including registration documents and emails for Defendant's E-commerce Store, Your Social Media Accounts, Your Financial Accounts, any email addresses associated with Defendant's E-commerce Store, and any email addresses associated with Your Financial Accounts.

Request No. 2.  Documents, electronically stored information, and things supporting your response to Interrogatory No. 2, including each Accused Product listing page and all Accused Product listing images.

Request No. 3.  Listing images for each product identified in response to Interrogatory No. 5.

Request No. 4.  Documents and electronically stored information relating to each communication from You to United States consumers, including, but not limited to, advertisements, invoices, receipts, purchase confirmation emails and shipping confirmation emails.

Request No. 5.  Documents, electronically stored information, and things sufficient to show advertisements targeting the United States, including without limitation, advertisements on social media, search engines and marketplace platforms.

Request No. 6.  Documents and electronically stored information sufficient to show the current balance for any Financial Account identified in response to Interrogatory No. 6 of Plaintiffs' First Set of Interrogatories.

Request No. 7.     Documents, electronically stored information, and things relating to Your policies concerning retention, storage, filing, and destruction of electronic documents and email.

Request No. 8.     Documents, electronically stored information, and things relating to Your contracts with third parties to sell and ship Accused Products into the United States, including without limitation marketplace platforms.

Request No. 9.     All documents, electronically stored information, and things consulted or used in connection with preparation of Defendant's responses to Plaintiffs' First Set of Interrogatories to Defendant and these Document Requests.

Request No. 10.     All documents, including but not limited to, communications with consumers and consumer reviews on any platform, website or though any email, in which any party has referenced, referred to or mentioned Plaintiffs, Accused Products, or any of Plaintiffs' products.

## **DEFINITIONS AND INSTRUCTIONS**

In addition to the definitions and instructions set forth in Fed. R. Civ. P. 34, the following definitions and instructions apply to the Requests for the Production of Documents and Things (individually, "Request," and collectively, "Requests") set forth herein and should be considered as part of each such Request:

1. These Requests are addressed to Defendant and (a) its present or former directors, officers, employees, agents, representatives, accountants, investigators, consultants, attorneys, and predecessors or successors in interest and any parent, subsidiary, or affiliated entities; (b) any other person acting on Defendant's behalf or on whose behalf Defendant acted; and (c) any other person otherwise controlled by Defendant, or which controls Defendant, or which is under common control with Defendant.

2. If you find the meaning of any term in these Requests to be unclear, you should assume a reasonable meaning, state what that meaning is and respond to the Request on the basis of that assumed meaning.

3. If you object to any subpart or portion of a Request or object to providing the documents, electronically stored information, or things requested, set forth fully the grounds upon which your objection is based and answer the unobjectionable subpart(s) of the Request and/or supply the documents, electronically stored information, or things to which no objection is made.

4. Documents, electronically stored information, and things under your control must be produced even though they are in the possession of an employee or agent of yours, such as an accountant, attorney, or other person from whom you have a right to retrieve the documents, electronically stored information, or things.

5. If any document, electronically stored information, or thing requested by Plaintiffs cannot be produced in full after exercising due diligence to secure the document, electronically

stored information, or thing, produce whatever portion of the document, electronically stored information, or thing remains and state whatever information, knowledge or belief you have concerning the unproduced portion. If your response is qualified in any particular respect, set forth the details of such qualification.

6. For any document, electronically stored information, or thing responsive to any request set forth below that Defendant seeks to withhold under a claim of privilege, Defendant shall redact the information being withheld for privilege and indicate the location of the redacted information on or in the produced document, electronically stored information, or thing. For each document, electronically stored information, thing, or part thereof withheld under a claim of privilege or for any other reason, Defendant shall state:

    a. that such material is being withheld;

    b. the name and title of all person(s) who possessed or controlled the document, electronically stored information, or thing;

    c. a brief description of the nature and subject matter of the document, electronically stored information, or thing, including the title and type of document (*i.e.*, whether it is a letter, memorandum, drawing, etc.), electronically stored information, or thing;

    d. the document's date or the electronically stored information's or thing's date of creation;

    e. the name and title of the author(s) or creator(s);

    f. the name and title of the sender(s) of the document or electronically stored information if different from the author(s) or creator(s);

    g.    the name and title of the person(s) to whom the document or electronically stored information is addressed or to whom the thing has been provided, including all person(s) who received copies, photographs, or other representations of the document or electronically stored information or thing;

    h.    the past and current location of all copies of the document or electronically stored information or thing;

    i.    the request or subpart to which the document or electronically stored information, withheld information, or thing is otherwise responsive; and

    j.    the type of privilege claimed (attorney-client communications, attorney work product) and the factual and legal basis supporting the claim of privilege.

7.    These Requests require the production of documents, electronically stored information, and things either in the same form and same order as they are kept in the usual course of business or organized and labeled to correspond with the particular requests set forth below.  If you choose the former method, the documents, electronically stored information, and things are to be produced in the boxes, file folders, bindings or other containers in which the documents, electronically stored information, and things are kept in the usual course of business.  The titles, labels, or other descriptions on the boxes, file folders, bindings or other containers are to be left intact.

8.    These Requests shall be deemed continuing so as to require further and supplemental production in accordance with Fed. R. Civ. P. 26.

9. If any document or electronically stored information or thing is not produced on the ground that such document or electronically stored information or thing is no longer in Defendant's possession, custody, or control, identify each such document or electronically stored information or thing and specify:

    a. the document's date or the electronically stored information's or thing's date of creation;

    b. a brief description of the nature and subject matter of the document or electronically stored information or thing, including the title and type of document (*i.e.*, whether it is a letter, memorandum, drawing, etc.) or electronically stored information or thing;

    c. the name and title of the author(s) or creator(s), the sender(s), the addressee(s) and the recipient(s) of the document or electronically stored information or thing;

    d. the name and title of all person(s) who possessed or controlled the document, electronically stored information, or thing;

    e. the name and title of the person(s) most knowledgeable about the document or electronically stored information or thing;

    f. the past and current location of all copies of the document or electronically stored information or thing; and

    g. the name and title of the person(s) responsible for its destruction, loss, transfer, or other act or omission by which the document or electronically stored information or thing left Defendant's possession, custody or control, and the date of such act.

10. Any copy of a document or electronically stored information or thing other than the exact duplicate of that document or electronically stored information is a separate document or electronically stored information or thing.

11. Whenever such construction will serve to bring within the scope of these requests some documents, electronically stored information, or things that would otherwise not be brought within its scope, "any" or "each" should be understood to include and encompass "all;" "or" should be understood to include and encompass "and;" "and" should be understood to include and encompass "or;" "including" should be understood to mean including but not limited to; the singular of a word should be understood to include and encompass the plural of the word, and vice versa; and the past tense of a verb shall be understood to include the present tense, and vice versa.

12. Where an objection is made to a request, state all grounds upon which the objection is based, along with a citation of any legal authority relied upon.

13. Ordering and numbering of documents, electronically stored information and things shall be performed in such a manner as to ensure that the source of each document, electronically stored information and thing may be determined.

14. Electronically stored information shall be produced in a form or forms in which it is ordinarily maintained or in a form or forms that are reasonably usable by Plaintiffs.

15. "Communication" shall include all exchanges of information, written or oral, including without limitation, memoranda, telephone conversations, electronic mail, computer discs, documents, and telegrams.

16. "Document" is defined broadly to be given the full scope of that term contemplated in Fed. R. Civ. P. 34, and includes all tangible things, all originals (or, if originals are not available, identical copies thereof), all non-identical copies of a document, all drafts of final documents, all

other written, printed, or recorded matter of any kind, and all other data compilations from which information can be obtained and translated if necessary, that are or have been in your actual or constructive possession or control, regardless of the medium on which they are produced, reproduced, or stored (including without limitation computer programs and files containing requested information), and any recording or writing, as these terms are defined in Rule 1001, Federal Rules of Evidence. Any document bearing marks, including without limitation, initials, stamped initials, comments, or notations not a part of the original text or photographic reproduction thereof, is a separate document.

17. "Document" shall also include, without limitation, the following items, whether printed or reproduced by any process, or written or produced by hand or stored electronically in computer memory, magnetic or hard disk, or other storage medium, and whether or not claimed to be privileged, confidential, or otherwise excludable from discovery: any record of all or any portions of any discussion, communication, agreement, conversation, interview, meeting, conference, conclusion, fact, impression, occurrence, opinion, report, or other similar matter, and shall include, without limitation, letters, correspondence, communications, emails, telegrams, papers, cablegrams, mailgrams, notes, memoranda, summaries, abstracts, worksheets, books, manuals, publications, engineering reports and notebooks, schematics, engineering drawings, software source code listings, charts, plans, databases, diagrams, sketches or drawings, photographs, reports and/or summaries of investigations and/or surveys, opinions and reports of committee meetings, desk calendars, appointment books, diaries, diary entries, voicemails, newspapers, magazine or periodical articles, and any other record of any kind.

18. The term "identify," when used in reference to:

   a. an individual shall mean to state his or her full name, present or last known residence address, present or last known business address, and position or business affiliation;

   b. a business entity shall mean to state its form, full name, address of its present or last principal place of business, and its principal line of business;

   c. a document shall mean to provide information sufficient to locate that document, including, but not limited to, the following: the production number range (Bates range), the date appearing on such document or, if no date appears thereon, the approximate date the document was prepared; the identifying code number, file number, title or label of such document; a general description of such document (e.g., letter, memorandum, drawing); the title or heading; the number of pages of which such document consists; the name of each person who signed, authored, or authorized the document; the name of each addressee; the name of each person having possession, custody, or control of such document; if the document existed at one time for does not presently exist, the reason(s) why it no longer exists and the identity of the last person having custody of it; and if the document is in a foreign language, whether an English translation of the document exists, whether partial or complete; and

   d. a communication shall mean to state its date, the communicator, the communicatee, the type of communication (i.e. conversation, telephone call, letter, note, etc.) and a brief description of its subject matter.

19. "Person" shall mean individuals or entities of any type, including without limitation, individuals, governments (or any agencies thereof), quasi-public entities, corporations, partnerships, limited liability companies, groups, trusts, mutual or joint ventures, and other forms of organizations or associations.

20. "Date" shall mean the exact date, month and year or, if not ascertainable, the best approximation thereof.

21. The phrase "relating to", "related to", or "relate(s) to" means and includes concerning, reflecting, alluding to, mentioning, regarding, discussing, bearing upon, commenting on, constituting, pertaining to, demonstrating, describing, depicting, referring to, summarizing, containing, embodying, showing, comprising, evidencing, refuting, contradicting, and/or supporting.

22. As used herein, "Plaintiffs" shall mean, unless otherwise indicated, the Plaintiffs identified in the above caption, any of Plaintiffs' officers, directors, employees, agents and representatives, and all persons acting on Plaintiffs' behalf.

23. As used herein, "Defendant" or "You" or "Your" or "Yourself" shall be deemed to include the named owner(s) and/or operator(s) of your e-commerce store listed in Schedule A, and (a) its present or former directors, officers, employees, agents, representatives, accountants, investigators, consultants, contractors, attorneys, and predecessors or successors in interest and any parent, subsidiary, or affiliated; (b) any other person acting on Defendant's behalf, or on whose behalf Defendant acted; and (c) any other person otherwise controlled by Defendant, or which controls Defendant, or which is under common control with Defendant.

24. As used herein, "Defendant's E-commerce Store" shall be deemed to include at least Your e-commerce store listed in Schedule A.

25. As used herein, "Financial Accounts" shall be deemed to include any accounts relating to any banks, savings and loan associations, payment processors or other financial institutions, including, without limitation, PayPal, Inc., eBay, Inc., Alipay, Alibaba Group Holding Ltd., Ant Financial Services Group, Amazon Pay, Wish US Holdings LLC, Walmart, Inc., Etsy, Inc, DHgate.com, WhaleCo, Inc. or other merchant account providers, payment providers, third party payment processors, and credit card associations (e.g., MasterCard and Visa Inc.) which receive payments or hold assets for Defendant.

26. As used herein, "Social Media Accounts" shall be deemed to include any accounts relating to any social media platforms, companies, or sites, including, without limitation, Facebook, Instagram, TikTok, and Twitter.

27. As used herein, "Used" shall mean registered, owned, and/or operated.

28. "Concerning" means constituting, comprising, relating to, referring to, reflecting, evidencing, or in any way relevant within the meaning of Federal Rule of Civil Procedure 26(b)(1).

29. "Lawsuit" or "Litigation" shall mean the above captioned lawsuit filed in the U.S. District Court for the Northern District of Illinois.

30. "Complaint" shall mean the Complaint filed by Plaintiffs in the Lawsuit, as well as any subsequently filed complaints by Plaintiffs.

31. As used herein, "Plaintiffs' Trademarks" shall collectively refer to Plaintiffs' registered trademarks, as well as the listing of trademark registrations in the Lawsuit Complaint.

32. As used herein, "Accused Products" shall mean any product advertised, marketed, promoted, manufactured, imported, distributed, offered for sale or sold by Defendant using, reproducing, copying, imitating, relating to, featuring, referencing, or bearing any of Plaintiffs' Trademarks, reproductions of Plaintiffs' Trademarks, colorable imitations of Plaintiffs'

13

Trademarks, marks similar to Plaintiffs' Trademarks, or marks substantially indistinguishable from Plaintiffs' Trademarks as Plaintiffs' Trademarks is defined in the Lawsuit Complaint.

33. The singular form of a word should be interpreted in the plural as well. Any pronoun shall be construed to refer to the masculine, feminine, or neuter gender as in each case is most appropriate. The words "and" and "or" shall be construed conjunctively or disjunctively, whichever makes the request most inclusive.

Dated this 28th day of May 2024.　　　　Respectfully submitted,

/s/ Justin T. Joseph
Amy C. Ziegler
Justin R. Gaudio
Justin T. Joseph
Trevor C. Talhami
Greer, Burns & Crain, Ltd.
300 South Wacker Drive, Suite 2500
Chicago, Illinois 60606
312.360.0080
312.360.9315 (facsimile)
aziegler@gbc.law
jgaudio@gbc.law
jjoseph@gbc.law
ttalhami@gbc.law

*Counsel for Plaintiffs*
*Spin Master Ltd. and Spin Master Toys UK Limited*

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of May 2024, I will electronically publish the document on a website and I will send an e-mail to the e-mail addresses identified in Exhibit A to the Summons that includes a link to said website.

/s/ Justin T. Joseph
Amy C. Ziegler
Justin R. Gaudio
Justin T. Joseph
Trevor C. Talhami
Greer, Burns & Crain, Ltd.
300 South Wacker Drive, Suite 2500
Chicago, Illinois 60606
312.360.0080
312.360.9315 (facsimile)
aziegler@gbc.law
jgaudio@gbc.law
jjoseph@gbc.law
ttalhami@gbc.law

*Counsel for Plaintiffs*
*Spin Master Ltd. and Spin Master Toys UK Limited*