IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SPIN MASTER LTD., a Canadian corporation, and SPIN MASTER TOYS UK LIMITED, a United Kingdom corporation, <br><br> Plaintiffs, <br><br> v. <br><br> ANHUI XINGXUE MATERIAL TECHNOLOGY CO., LTD. et al., <br><br> Defendants. | Case No. 24-cv-03532 <br><br> **Judge Lindsay C. Jenkins** <br><br> **Magistrate Judge Heather K. McShain** |

### PLAINTIFFS' OPPOSED MOTION TO STAY OR EXTEND SCHEDULING ORDER [78]

Plaintiffs Spin Master Ltd. and Spin Master Toys UK Limited (together, "Plaintiffs") move this Honorable Court to stay or extend all deadlines in Minute Order [78] until Plaintiffs' concurrently filed Motion to Compel [80] is resolved and Defendants comply with outstanding discovery obligations[1]. The sales information that Plaintiffs seek is necessary to address the asset restraint scope. Likewise, Defendants have provided no factual or legal basis for their attacks on Plaintiffs' trademark registrations asserted in their Motion to Dissolve Preliminary Injunction. Plaintiffs believe that it is unlikely that Defendants will ever turn over the required information based on a pattern of Defendants' counsel's conduct during discovery in prior cases. [75]. Defendants cannot ignore the Court's discovery orders and withhold information regarding their claims while requesting this Court dissolve the Preliminary Injunction [48] in an expedited timeline. Plaintiffs respectfully submit that a stay or extension of deadlines is appropriate until Defendants comply with their discovery obligations.

---

[1] Defendants have also failed to provide Rule 26(a) initial disclosures that were due on July 20, 2024 [71] and have not filed any Local Rule 3.2 Notification of Affiliates.

Defendants have requested two weeks to respond to this Motion. Plaintiffs object to this timeline and request a shorter response deadline. Plaintiffs' response to Defendants' Motion to Dissolve Preliminary Injunction [75] is due September 10, 2024, so there would be insufficient time for the Court to address this Motion and, if necessary, for Plaintiffs to prepare their response. Additionally, Defendants' Alibaba accounts have been restrained since at least May 23, 2024, and Defendants filed the Motion to Dissolve after the discovery schedule was entered nearly three months later. [81] at ¶ 3[2]. Defendants have not acted with urgency regarding the asset restraint and their failure to respond to discovery necessitated the need for this Motion and Plaintiffs' Motion to Compel.

### I. Defendants' Counsel's Conduct During Discovery

Defendants' counsel's conduct to date is in line with other cases in this District involving Defendants' counsel. For example, a court recently sanctioned parties represented by Defendants' counsel after three unsuccessful motions to compel expedited discovery, two hearings, and an award of sanctions that required its own motion to compel:

> Defendants toyed with Plaintiff, and with the Court, when they engaged with the Court by opposing the preliminary injunction motion and entered into expedited discovery and then by pulling a vanishing act when the time came to produce documents and Rule 30(b)(6) deponents. By doing so, Defendants caused Plaintiff to incur fees and costs that are an appropriate measure of sanctions under Rule 37 and the Court's inherent authority to respond to bad faith and vexatious conduct, which Defendants exhibited through their actions over a period of time from late December 2022 to the present.

*John Doe v. The Partnerships*, et al., 22-cv-04925, ECF No. 200 (N.D. Ill. Oct. 23, 2023) (adopted at ECF No. 206 (Alonso, J.)). In *NBA Properties, Inc. v. The P'ships, et al.*, 23-cv-01730, ECF No.  (N.D. Ill. Oct. 26, 2023) (Valderrama, J.), Defendants' counsel never responded

---

[2] Each of the Defendants' stores operates on Alibaba.com. Alibaba does a one-time sweep on funds in the account. As such, Defendants' accounts are fully operational except for the swept funds that are frozen (*i.e.*, they can sell other products and receive and transfer new funds).

2

to a motion for sanctions for failing to respond to expedited discovery requests, and then ceased communication for over two months. In *PopSockets, LLC v. The P'ships, et al.*, 22-cv-0870, ECF Nos. 111, 132 (N.D. Ill. May 30, 2023) (Ellis, J.), plaintiff was forced to file multiple motions to compel against a defendant represented by Defendants' counsel. As laid out in those motions, Defendants' counsel repeatedly disregarded discovery obligations and produced minimal information at the last minute to prevent plaintiff from filing a motion to compel. *Id*. In *Shen Zhen Pin Zheng Digital Electronic Technology Co., Ltd. v. The P'ships, et. al.*, 21-cv-01916, ECF Nos. 131, 132, 132-1, and 134 (N.D. Ill. Jun. 7, 2022) (Tharp, J.), Defendants' counsel seemingly disappeared after being served with discovery relevant to default and default was entered against three stores represented by Defendants' counsel. *Id*. at ECF No. 136. Based on these previous cases, Plaintiffs believe that Defendants will not provide the requested information and significant motion practice and/or sanctions will be required.

## II. Plaintiffs Are Entitled to Discovery on Defenses and Counterclaims Raised by Defendants in The Motion

Defendants have raised defenses and counterclaims with respect to the validity of Plaintiffs' trademark registrations, including in their Motion to Dissolve Preliminary Injunction [75]. Defendants provide no factual basis for these arguments, and improperly shift their burden to Plaintiffs. *See e.g.,* [76] at p. 13 ("there is no evidence that Plaintiff's or its predecessors have ever had an intent to use RUBIK's on any of the goods and services listed on the '371 registration[]" with no citation). Defendants provide no information for the goods for which the RUBIK'S CUBE trademark is allegedly generic. *Id*. at pp. 11-12. Defendants do not explain how Plaintiffs' registered trade dress (the "RUBIK'S Trade Dress") is functional. *Id*. at pp. 9-10. Defendants' unsubstantiated arguments are contradicted by multiple court holdings that have

3

found the RUBIK'S Trade Dress to be non-functional[3]. Defendants' argument is also contradicted by their own statements. For example, "Defendant Stores do not dispute the '094 Registration as to [. . .] the "3x3 Cube Design."" [76] at p. 9.

It is premature to for the Court address the validity of Plaintiffs' registrations when Defendants have not presented any facts supporting their allegations and Plaintiffs' registrations are *prima facie* evidence of their validity. *Uncommon, LLC v. Spigen, Inc.*, 926 F.3d 409, 420 (7th Cir. 2019) ("We, of course, do not write on a clean slate in deciding if Uncommon's "capsule" trademark is valid. The Patent Office granted it, and that registration is *prima facie* evidence of validity. 15 U.S.C. §§ 1057(b), 1115(a)")). Trademark validity is a fact-intensive analysis, and Plaintiffs might need to obtain multiple experts to address these arguments at considerable expense. *See e.g. Deckers Outdoor Corp. v. Australian Leather Pty Ltd.*, 340 F. Supp. 3d 706, 715 (N.D. Ill. 2018) (affirmed at *Deckers Outdoor Corp. v. Australian Leather Pty Ltd.*, 847 F. App'x 917 (Fed. Cir. 2021)) (certiorari denied *Deckers Outdoor Corp. v. Australian Leather Pty Ltd.*, 847 F. App'x 917 (Fed. Cir. 2021))) (numerous experts and nationwide surveys submitted to defeat defendant's claim that trademark was generic).

Plaintiffs served discovery on Defendants relating to these issues on August 20, 2024 (a day after Defendants filed the Motion). Any briefing on Defendants' Motion to Dissolve Preliminary Injunction [75] should be stayed until Defendants fully respond to these discovery requests and provide a factual basis for their defenses and counterclaims.

---

[3] At least five courts, including the Third Circuit Court of Appeals, have found the RUBIK'S Trade Dress to be non-functional. *See Ideal Toy Corp. v. Plawner Toy Mfg. Corp.*, 685 F.2d 78 (3d Cir. 1982), *Ideal Toy Corp. v. Plawner Toy Mfg. Corp.*, No. 81-1431, 1981 U.S. Dist. LEXIS 17757, at *4 (D.N.J. Oct. 20, 1981), *Ideal Toy Corp. v. Chinese Arts & Crafts, Inc.*, 530 F. Supp. 375 (S.D.N.Y. 1981), *Rubik's Brand v. Flambeau, Inc.*, No. 17-CV-6559 (PGG) (KHP), 2021 U.S. Dist. LEXIS 20031 (S.D.N.Y. Jan. 31, 2021), *CBS, Inc. v. Logical Games, Inc.*, No. 82-0473-A, 1982 U.S. Dist. LEXIS 17596 (E.D. Va. Dec. 28, 1982) (by stipulation of the parties).

### III. Plaintiffs Need Defendants' Sales Information to Address the Scope of the Asset Restraint

Plaintiffs have made multiple attempts to obtain information from Defendants for the specific products accounting for funds restrained in Defendants' Alibaba accounts, identifying information regarding any other financial accounts that receive payments or hold assets for Defendants, information regarding other stores operated by Defendants or Defendants' search methodology, and procedure for determining infringing sales. *See* [81] at ¶¶ 5-7. Despite Plaintiffs' efforts, Defendants have refused to provide any of this information.

The Court's August 20, 2024, briefing schedule includes a requirement that if Plaintiffs "believes it will need additional time to respond, then it must consult with these Defendants to discuss modification of the asset restraint until such time that the matter is fully briefed[.]" [78]. Courts in this District and elsewhere regularly decline to modify or lift asset freeze orders in the face of ambiguous or unpersuasive evidence, let alone where a defendant fails to provide any documentary evidence. *See, e.g., Antsy Labs, LLC v. Individuals, Corps., Ltd. Liab. Companies*, et al., 2022 WL 17176498, at *2 (N.D. Ill. Nov. 23, 2022); *Entertainment One UK Ltd. V. 2012Shiliang*, 384 F. Supp. 3d 941, 954 (N.D. Ill. 2019); *H-D U.S.A., LLC v. Guangzhou Tomas Crafts Co., Ltd.*, 2017 U.S. Dist. LEXIS 207613 at *6 (N.D. Ill. Dec. 18, 2017*); Monster Energy Co. v. Wensheng*, 136 F. Supp. 3d 897, 9010 (N.D. Ill. 2015). Plaintiffs respectfully submit that modifying the asset restraint is premature until Defendants provide full and complete responses to Plaintiffs discovery requests relevant to their sales of the Counterfeit Products and the frozen funds.

As such, Plaintiffs respectfully request that all schedules and requirements set in [71], including briefing on Defendants' Motion to Dissolve Preliminary Injunction [75] and

modification of the asset restraint, be stayed pending resolution of Plaintiffs' Motion to Compel [80].

Dated this 23rd day of August 2024.  Respectfully submitted,

/s/ Rachel S. Miller
Amy C. Ziegler
Justin R. Gaudio
Justin T. Joseph
Rachel S. Miller
Trevor C. Talhami
Greer, Burns & Crain, Ltd.
300 South Wacker Drive, Suite 2500
Chicago, Illinois 60606
312.360.0080 / 312.360.9315 (facsimile)
aziegler@gbc.law
jgaudio@gbc.law
jjoseph@gbc.law
rmiller@gbc.law
ttalhami@gbc.law

*Counsel for Plaintiffs*
*Spin Master Ltd. and Spin Master Toys UK Limited*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 23rd day of August 2024, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, which will send a "Notice of E-Filing" to all parties that have appeared in the case.

/s/ Rachel S. Miller
Amy C. Ziegler
Justin R. Gaudio
Justin T. Joseph
Rachel S. Miller
Trevor C. Talhami
Greer, Burns & Crain, Ltd.
300 South Wacker Drive, Suite 2500
Chicago, Illinois 60606
312.360.0080 / 312.360.9315 (facsimile)
aziegler@gbc.law
jgaudio@gbc.law
jjoseph@gbc.law
rmiller@gbc.law
ttalhami@gbc.law

*Counsel for Plaintiffs*
*Spin Master Ltd. and Spin Master Toys UK Limited*